FILED
2025 Jul-11 PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **GARDNER GANN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **SUNFLOWER, LTD. and SUNFLOWER TECHNOLOGY, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>NOTICE OF REMOVAL</u>**

Defendants Sunflower Ltd. and Sunflower Technology, Inc. (together, "Sunflower"), pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, preserving all defenses, hereby remove this civil action to the United States District Court for the Northern District of Alabama, Northwestern Division, from the Circuit Court of Franklin County, Alabama.

In support of this Notice of Removal, Sunflower states as follows:

## I. OVERVIEW

1. On June 9, 2025, Plaintiff Gardner Gann filed this putative class action in the Circuit Court of Franklin County, Alabama, No. 33-CV-2025-900080.00.

2. Sunflower specializes in the development and publication of play-for-fun, online casino-themed social games on platforms called *iCasino* and *Crown Coins Casino* (the "Games"). Declaration of Anthony Campoli ("AC Decl.") ¶ 4, attached as **Exhibit B**.

3. Plaintiff alleges that the Games are unlawful "gambling" under Alabama law. Compl. ¶¶ 18-23. Sunflower denies that its Games are unlawful.

4. Sunflower's play-for-fun Games are always free to play and never require the payment of money. The Games are played with virtual tokens, called "Crown Coins" or "IC Coins" depending on the platform, which cannot be redeemed for real money and are always available for free. Players can also purchase Crown Coins or IC Coins to enhance their experience. Players who purchase Crown Coins or IC Coins can receive sweepstakes entries, called "Sweeps Coins," as a bonus. Sweeps Coins are also always available for free and can never be purchased. Sweeps Coins can be redeemed for money or prizes. AC Decl. ¶ 5 (Exh. B).

5. Plaintiff seeks to recover, on behalf of himself and a putative class of Alabama residents, the total net purchases of all Alabama players (*i.e.*, purchases less redemptions) of the Games between December 9, 2024, and eventual entry of judgment, excluding players whose net purchases exceeded $75,000. Compl. ¶ 24.

6. Pursuant to § 1446(a), attached as **Exhibit A** is a copy of all process, pleadings, and orders filed in the state court case to date. Sunflower waived service of the summons and complaint on June 18, 2025.

7. No responsive pleadings have been filed in the state court.

8. This removal is timely because Sunflower filed this notice within 30 days of waiving service of the summons and complaint. 28 U.S.C. § 1446(b)(1).

9. Sunflower reserves all defenses, including, but not limited to, lack of personal jurisdiction and the right to move to compel arbitration. *See Kostelac v. Allianz Global Corp. & Specialty AG,* 517 F. App'x 670, 674 n.6 (11th Cir. 2013).

10. A copy of this Notice will be filed with the Circuit Court of Franklin County and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

## II. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

12. For purposes of this removal, venue is proper in this District because the action was filed in the Circuit Court of Franklin County, Alabama. Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. REMOVAL IS PROPER UNDER THE CAFA

13. Removal is proper under 28 U.S.C. § 1453(b) and 28 U.S.C. § 1332(d)(2). Together, these statutes authorize removal of any (1) "class action" where (2) minimal diversity exists, (3) there are at least 100 putative class members, and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(5). Each of these requirements is met here.

14. ***First***, this action is pled as a putative class action. *See* Compl. ¶¶ 24-34.

15. ***Second***, CAFA's minimal diversity requirement is satisfied. Plaintiff and every member of the putative class is an Alabama citizen. *See* Compl. ¶¶ 6, 24. Defendant Sunflower Ltd. is an Israeli limited company with its principal place of

business in Israel. *See* AC Decl. ¶ 3 (Exh. B). Defendant Sunflower Technology, Inc., is a Delaware corporation with no business or other location in Alabama. *Id.* Thus, there is diversity under both § 1332(d)(2)(A) and § 1332(d)(2)(C).

16. ***Third***, there are at least 100 players in Alabama whose total purchases exceeded their total redemptions since December 9, 2024, even excluding those players whose total net purchases exceeded $75,000. *See* AC Decl. ¶ 7.a (Exh. B).

17. ***Fourth***, the total amount of net purchases made by Alabama users of the Games since December 9, 2024, exceeds $5,000,000, even excluding those players whose total net purchases exceeded $75,000. *See* AC Decl. ¶ 7.b (Exh. B).

## VI. CONCLUSION

18. Based on the foregoing, removal is proper under 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. By removing this action to this Court, Sunflower reserves and does not waive any defenses, objections, or motions available to them under state or federal law, including the right to move to compel arbitration of Plaintiff's claim and/or assert any defenses under Fed. R. Civ. P. 12(b).

WHEREFORE, Sunflower hereby removes this action from the Circuit Court of Franklin County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division. This Notice has been served on all counsel of record.

Dated: July 11, 2025

Respectfully submitted,

*/s/ Helen Kathryn Downs*
Helen Kathryn Downs (ASB-8460-O74H)
Mary K. Mangan (ASB-1491-E08V)
MAYNARD NEXSEN PC
1901 Sixth Ave N, Suite 1700
Birmingham, AL 35203
Tel: (205) 254-1204
hkdowns@maynardnexsen.com
mmangan@maynardnexsen.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following via electronic mail and by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this 11th day of July, 2025.

Jeffrey L. Bowling
John A. McReynolds, IV
Evan M. Hargett
ROGERS, BOWLING &
MCREYNOLDS, P.C.
303 N. Jackson Ave.
P.O. Box 669
Russellville, Alabama 35653
Jeff@rbmattorneys.com
John@rbmattorneys.com
Evan@rbmattorneys.com

D. Frank Davis
John E. Norris
Wesley W. Barnett
Dargan M. Ware
DAVIS & NORRIS, LLP
2154 Highland Avenue S.
Birmingham, Alabama 35205
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
dware@davisnorris.com

*Attorneys for Plaintiff*

*/s/ Helen Kathryn Downs*
OF COUNSEL